HORN *v.* HORN, ADMR.

5-1508; 5-1509                                        311 S. W. 2d 311

Opinion delivered March 24, 1958.

*Melvin T. Chambers*, for appellant.

*Wendell Utley*, for appellee.

PAUL WARD, Associate Justice. Dr. W. H. Horn and Bertie Lee Horn (his first wife) had four children, all living and now adults. They are: W. C. Horn, Ray H. Horn, Claud H. Horn, and Ida (Horn) Hearn. Bertie Lee Horn died in 1940, owning considerable real and personal property in her own name and right, but her estate was apparently kept together and handled by her husband and children until 1954 when letters of administration were requested. On September 27th of that year her son, Claud H. Horn was appointed administrator. On appeal that case is docketed as No. 1509.

Dr. W. H. Horn married Alpha (now Alpha Horn) in 1942 and they had no children at the time of his death on September 14, 1954. On September 27, 1954 letters of administration on his estate were issued to his son, W. C. Horn, and that case, on appeal, in No. 1508.

The administrators in each case filed inventories listing, in detail, the real and personal property. This litigation and these appeals are concerned with personal property only.

The inventory in No. 1508 (Dr. Horn), among other things, listed numerous items of household furniture, one diamond ring, 26 hogs, 105 head of cattle, and 2,000 bales of grass hay. The inventory in No. 1509 (Bertie Lee Horn), among other things, also listed 26 hogs, 105 head of cattle, and 2,000 bales of grass hay.

Alpha Horn, as the widow of Dr. Horn, filed exceptions to the inventory in No. 1508, claiming as her own, the diamond ring and numerous other articles. She also filed exceptions to the inventory in No. 1509 on the ground that certain listed items (also listed in No. 1508) were assets of her husband's estate. After a hearing, the Probate Court, disallowed the exceptions *in toto* in No. 1509, and also disallowed the exceptions as to all items in No. 1508 except as to two bedroom suites valued at $300, one dining room suite valued

at $100, and one ironer valued at $50. From both judgments of the court Alpha Horn has appealed.

No. 1509. Appellant makes no contention that there is any personal property belonging to her husband's estate which has been left out of the inventory in No. 1508. As we interpret appellees' brief they admit and acknowledge that appellant will get her share, under the law, in all items listed in No. 1508, which of course is all she is entitled to receive. We refer to the statement in appellees' brief where they say: "No one has ever denied that she (referring to appellant) has her dower interest in all of the property listed in Dr. Horn's estate." Therefore, based on that interpretation of the position here taken by appellees, the judgment of the Probate Court is affirmed.

*No. 1508.* The Probate Court refused to give appellant a 32nd degree diamond Masonic ring, valued at $900, which was listed in the inventory of the personal effects of her husband's estate. Appellant's abstract of the testimony in this connection is substantially as follows: Appellant said the Dr. took the ring off his finger and gave it to her. Virginia Dodson said she saw Dr. Horn give the diamond ring to Alpha Horn and say he was giving it to her, but in the discussion she handed it back to him; he (Dr. Horn) gave her the ring in 1953 and she held it a few minutes and handed it back to him and said "you just go ahead and wear it"; about four weeks later he had given it back to her and she was still holding it when I left the room; it might have been the second time he gave it to her, and I never recall seeing her wear it; I said "Dr. Horn, when are you going to give Mrs. Horn a ring like this?" He had it off his finger and said "I am giving it to her now"; she (appellant) said "you keep it and wear it." We cannot say that the above testimony is so definite as to a delivery of the ring and the intent to part with the title to it that the Probate Judge, who observed the witnesses and their demeanor, reached the wrong conclusion.

Appellant claimed title to numerous other items of personal property listed in the inventory which the Court refused to give her. The Court did give appellant each item where she testified that she bought it with her own money. We deem it unnecessary to set out the testimony relating to these items in view of the conclusion hereafter reached and because, in our opinion, the testimony relating to the articles which the court refused to give appellant is less favorable to her than the testimony relating to the diamond ring.

The record reflects that appellant has already been awarded an allowance of $1,000 and $500 pursuant to the provisions of Ark. Stats. § 62-2501 a. and c., but we fail to find where she has been given an allowance under sub-section b. of said section. This sub-section reads: "Such furniture, furnishings, appliance, implements and equipment as shall be reasonably necessary for the family use and occupancy of her dwelling, shall be assigned to and vested in the widow, if any, provided she was living with her husband at the time of his death". As provided in sub-section d. of said section, the allowances under sub-sections a., b., and c. are cumulative.

Since appellant was apparently living with her husband at the time of his death, she is entitled to have vested in her the title to such items mentioned in sub-section b. as shall be reasonably necessary for her use as set forth therein.

The judgments in both causes are therefore affirmed, but the cause in No. 1508 is remanded with directions to the trial court to comply with the provisions of this opinion upon timely application by appellant.